UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHARMACARE U.S., INC., | Civ. No. 24-4074 (GC)(JBD) |
| Movant, | |
| v. | Related Case: Civ. No. 3:23-cv-01318-JES-AHG (S.D. Cal.) |
| SEASON 4, LLC, | |
| Respondent. | **MEMORANDUM ORDER** |

Movant Pharmacare U.S., Inc. ("PharmaCare") has filed a motion pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) to compel respondent Season 4, LLC ("Season 4") to comply with a subpoena issued by the United States District Court for the Southern District of California in connection with a matter pending in that court.  [Dkt. 1.]  For the reasons set forth below, the Court will transfer the motion, pursuant to Rule 45(f), to the Southern District of California.

I.      BACKGROUND

PharmaCare is a defendant in a putative class action pending in the Southern District of California captioned *Sunderland, et al. v. PharmaCare U.S., Inc., et al.*, Civ. No. 23-01318-JES-AHG (S.D. Cal.) (the "underlying action").  At issue in that case is PharmaCare's marketing and sale of black elderberry dietary supplements.  Season 4, based in Warren, New Jersey, is not a party to that case, but received a subpoena *duces tecum* from PharmaCare in the underlying action that sought documents related to Season 4's website, ClassAction.org.  Through that website, Season 4 advertised, on behalf of plaintiffs' attorneys, for

1

potential class action plaintiffs to join the underlying action.  [Dkt. 1-1] at 1, 3-5;

[Dkt. 7] at 3-5.[1]  In the subpoena, PharmaCare seeks the production of documents

that it believes are relevant to the underlying action, such as documents and

communications between Season 4 and potential claimants, including the plaintiffs

in the underlying action; documents exchanged or reflecting communications

between Season 4 and the attorneys who used Season 4's advertising services; and

documents related to Season 4's ownership.  [Dkt. 1-1] at 1, 5-6.

Season 4 objected to the subpoena and each of its requests on various

grounds, including attorney-client privilege, work product, relevance,

proportionality, burden, and other confidentiality and privacy concerns.

[Dkt. 7] at 8.  Season 4 agreed only to produce its published advertising or

marketing material regarding the underlying action, which it asserts is the only

non-privileged material in its possession that it considers "even tangentially

relevant."  *Id.*; [Dkt. 1-1] at 6-7.  Believing that Season 4's objections are

"conclusory" and "provide no basis to withhold responsive documents," PharmaCare

filed the present motion in this Court; it asks the Court to compel Season 4 to

comply with the subpoena and produce all responsive documents.  [Dkt. 1-1] at 9-17.

---

[1]      Season 4 created advertisements on behalf of the attorneys for plaintiffs in
the underlying action to connect them with prospective clients who may have had
potential claims against PharmaCare, and placed those advertisements on its
ClassAction.org website from June 26, 2023 to July 6, 2023.  Season 4 then
forwarded prospective client leads and information generated from those
advertisements to plaintiffs' attorneys in the underlying action for review.
[Dkt. 9] ¶¶ 14-15.

Season 4 opposes the motion, arguing that the subpoena improperly targets communications and documents protected by the attorney-client privilege and the work product doctrine; that disclosure of the documents would invade prospective claimants' reasonable expectation of privacy; that the subpoena seeks disclosure of Season 4's confidential commercial information; and that the subpoena is overbroad, unduly burdensome, and not proportional to the needs of the case.  [Dkt. 7] at 10-37. Additionally, Season 4 asserts that this Court "should" transfer the motion to the Southern District of California pursuant to Federal Rule of Civil Procedure 45(f), stating that "Season 4 expressly consents" to such transfer "for consideration by the presiding [j]udge" in the underlying action.  [Dkt. 7] at 40; [Dkt. 9] ¶ 23.

After PharmaCare filed its motion in this Court, plaintiffs in the underlying action moved to intervene here as well.  They argue that PharmaCare's subpoena to Season 4 "unnecessarily seeks confidential, irrelevant and protected attorney client privilege[d] communications from [p]laintiffs, [c]ounsel[,] and the absent class members as well as privilege[d] and confidential work product."  [Dkt. 15-1] at 2. Plaintiffs say that, if permitted to intervene, they intend to move for a protective order to safeguard and prevent the disclosure of these documents.  *Id.*  Although plaintiffs assert that they "understand that this motion will likely be transferred to the . . . Southern District of California," they filed the motion to intervene in this Court "in an abundance of caution."  [Dkt. 15] at 2.  PharmaCare filed a letter brief opposing plaintiffs' motion to intervene.  [Dkt. 18.]

3

## II.    DISCUSSION

Federal Rule of Civil Procedure 45(d)(2)(B)(i) provides that, where the recipient of a subpoena objects to it, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  There is no dispute here that the District of New Jersey is the district where Season 4's compliance with the subpoena is required.  Rule 45(f), however, provides that, where, as here, the court where compliance is required did not issue the subpoena, that court may transfer a subpoena-related motion "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).

Whether to transfer a motion under Rule 45(f) "is committed to the discretion of the court where compliance is required."  *Hall v. Marriott Int'l, Inc.*, Civ. No. 21-80165-TSH, 2021 WL 3129598, at *1 (N.D. Cal. July 23, 2021).  And "[c]ourts are in agreement that Rule 45(f) motions to transfer fall within the []ambit of non-dispositive matters properly determined by a magistrate judge."  *Argento v. Sylvania Lighting Servs. Corp.*, Civ. No. 15-1277-JAD, 2015 WL 4918065, at *2 (D. Nev. Aug. 18, 2015) (citing *San Juan Cable LLC v. DISH Network LLC*, 2015 WL 500631, at *2 (D. Colo. Jan. 23, 2015)).  This is because when a court transfers a motion to compel to the issuing court, "the Court is not depriving a party of a federal forum to resolve a dispute but is rather transferring the authority to resolve the discovery dispute to another federal court."  *Id.*  This is so even though the order transferring the matter results in the closure of the action brought in the court of

compliance.  *Id.* (citing *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at

*2 (D. Nev. Aug. 15, 2014) and *Cognate BioServices, Inc. v. Smith*, 2015 WL

1256499, at *6 n.19 (D. Md. Mar. 17, 2015)).  Therefore, the undersigned has the

authority to determine whether this non-dispositive motion to compel should be

transferred to the issuing court under Rule 45(f).  *See Bouchard Transp. Co. v.*

*Associated Elec. & Gas Ins. Servs. Ltd.*, Civ. No. 15-3709 (SRC), 2015 WL 12818828

(D.N.J. Aug. 4, 2015) (Waldor, M.J.) (order transferring subpoena-related cross

motions under Rule 45(f) to the court that issued the subpoena so that the motions

could "be considered within the context of the underlying disputes" pending in that

court).

Here, Season 4 expressly consents to this Court transferring the motion to

the Southern District of California, the court that issued the subpoena.  This alone

provides sufficient grounds to transfer the motion under Rule 45(f), which permits

transfer on the consent of the nonparty "*or*" on a finding of exceptional

circumstances.  PharmaCare's objection to the transfer, then, is of little import,

since Rule 45(d)'s purpose is "[t]o protect local nonparties"—not the serving party—

and Rule 45(f)'s unambiguous language means that "consent of the person subject to

the subpoena is sufficient to permit transfer to the issuing court."  Fed. R. Civ.

P. 45(f) advisory committee's note (noting changes made in 2013 amendment

following publication and comment).  *See also Bogard Construction Inc. v. Oil Price*

*Information Service, LLC*, Civ. Nos. 21-3005-PX, 21-3193-PX, 2022 WL 1213307, at

*2 (D. Md. Apr. 25, 2022) (quoting *Mirza v. Yelp, Inc.*, Civ. No. 21-80077-TSH, 2021

WL 2939922, at *3 (N.D. Cal. July 13, 2021)) ("Rule 45(f) nowhere contemplates that parties seeking a subpoena can or would object to transfer back to the court where they originally filed suit, since they had presumably chosen their preferred jurisdiction in the first instance . . . .  Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where the Subpoenaing Parties object to the transfer.").

The Court rejects PharmaCare's assertions that Season 4 "insisted" that PharmaCare file its motion in this Court, and that Season 4 is engaging in gamesmanship and delay tactics by requesting the transfer.  [Dkt. 12] at 14-15. The email that PharmaCare submitted in support of those assertions reveals that Season 4's counsel indicated that he was not aware of any procedural mechanism under Rule 45 by which to bring a discovery dispute involving a non-party subpoena to an issuing court in the first instance, where that court was not also the court of compliance, and he invited PharmaCare's counsel to provide legal authority otherwise.  *See* [Dkt. 12-3] at 1.  PharmaCare has not identified to this Court any legal authority to support the proposition that PharmaCare could have filed this motion to compel in the Southern District of California in the first instance, and the Court sees nothing else before it to indicate that Season 4 engaged in gamesmanship or that its transfer request is frivolous or made in bad faith.

Because Season 4, the subject of the subpoena, consents to the transfer of PharmaCare's motion to the issuing court, and because Rule 45(f) unambiguously permits this Court to transfer the motion in light of that consent, the Court will

transfer the motion to the Southern District of California.  *See San Juan Cable,*

*LLC,* 2015 WL 500631, at *1 (transferring a nonparty motion to compel on the basis

that the nonparty requested the transfer, stating that "[i]t is enough to note that

the requested transfer does not appear to be frivolous or made in bad faith").[2]

---

[2]      What the Court has said thus far is sufficient to transfer the motion under
Rule 45(f).  Alternatively, however, the Court notes that "exceptional
circumstances" also exist under Rule 45(f) that warrant the transfer of the motion to
the issuing court, "to avoid disrupting the issuing court's management of the
underlying litigation."  *See* Fed. R. Civ. P. 45, advisory committee's note to the 2013
amendments.  As noted above, plaintiffs in the underlying action have filed a
motion to intervene in PharmaCare's present motion to compel in this Court,
seeking a protective order preventing disclosure of what they assert to be
"confidential, irrelevant and protected attorney client privilege[d] communications
from [p]laintiffs, [c]ounsel[,] and the absent class members as well as privilege[d]
and confidential work product" sought by PharmaCare in its subpoena to Season 4.
[Dkt. 15]; [Dkt. 15-1] at 2.  Plaintiffs argue that "their interest[s] will be severely
impaired if PharmaCare's [m]otions are granted" and that their intervention is
necessary to assert attorney-client and work product privileges, as well as to
"adequately represent and protect their interests in their own capacity."  *Id.* at 4.
And PharmaCare has filed a letter brief opposing plaintiffs' efforts to intervene.
[Dkt. 18.]  So before the Court is a contested motion to intervene nested in a
contested motion to compel compliance with a subpoena issued in a putative
nationwide class action pending in another court.  Considered along with
PharmaCare's argument that the stipulated protective order governing confidential
documents entered in that action is sufficient to protect Season 4's and the
plaintiffs' privacy and confidentiality concerns, *see* [Dkt. 12] at 13-14, this Court
determines that the issuing court is exponentially better situated to decide the
motion to compel so that it can properly account for all parties' and non-parties'
interests in the litigation over which it is presiding.  *See In re Alliance Healthcare
Partners, LLC*, Civ. No. 22-33-PHX, 2022 WL 16527952, at *5 (D. Ariz. Oct. 28,
2022) (finding exceptional circumstances in part because "[d]etermining whether
the protective order [entered in the underlying case] mitigates [the subject of the
subpoena's] confidentiality concerns involves determining the scope of that
protective order, a task for which [the judge in the underlying case] is better
situated").

### III.   CONCLUSION

For the reasons stated and for good cause shown, it is on this

**21st** day of **May, 2024**, hereby

**ORDERED** that pursuant to Rule 45(f), the Clerk is directed to **TRANSFER**

PharmaCare's motion to compel Season 4's compliance with the subpoena [Dkt. 1]

to the United States District Court for the Southern District of California, as the

issuing court, for consideration in the pending matter of *Sunderland, et al. v.*

*PharmaCare U.S., Inc., et al.*, Civ. No. 23-01318-JES-AHG (S.D. Cal.); and it is

further

**ORDERED** that all arguments made in this Court in respect of the subpoena

are preserved for consideration in the first instance by the United States District

Court for the Southern District of California; and it is further

**ORDERED** that plaintiffs' motion to intervene [Dkt. 15] is **DENIED** as

**MOOT**; and it is further

**ORDERED** that Season 4's motion for leave to file a sur-reply [Dkt. 16] is

**DENIED** as **MOOT**; and it is further

**ORDERED** that upon transfer of the motion to the issuing court as ordered above, the Clerk is directed to mark the matter in this Court closed.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

9